# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Artenia Mccullen, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 3:24-cv-00286-K |
| vs. § | |
| § | **FIRST AMENDED COMPLAINT** |
| American Credit Acceptance, LLC, Loss § | Jury Trial Demanded |
| Prevention Services LLC, and Texas § | |
| Collateral Adjusters LLC, § | |
| § | |
| Defendants. § | |

## NATURE OF ACTION

1.  Plaintiff Artenia Mccullen brings this action against Defendants American Credit Acceptance, LLC ("ACA"), Loss Prevention Services LLC ("LPS"),[1] and Texas Collateral Adjusters LLC ("TCA") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.  Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

---

[1] The parties have filed a stipulation to stay proceedings against ACA and LPS. *See* Doc. 13.

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 644 S.E.2d 43, 49 (S.C. 2007).

7. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

9. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

10. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911)

(quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in Dallas, Texas.

12. Plaintiff is allegedly obligated to pay a debt.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. ACA is a company that regularly purchases consumer paper in the form of automobile loans.

15. ACA is a South Carolina limited liability company that operates in this district.

16. LPS is a Mississippi limited liability company.

17. At all relevant times, LPS was acting as a repossession agent working at the behest of ACA.

18. At all relevant times, LPS was used instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

19. LPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. TCA is a Texas limited liability company.

21. At all relevant times, TCA acted as a repossession agent working at the behest of ACA and LPS.

22. At all relevant times, TCA used instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

23. TCA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

24. Plaintiff purchased a 2011 Chevrolet Equinox (the "Vehicle") from a non-party.

3

25. Plaintiff purchased the Vehicle for her own personal, family, and household use.

26. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

27. Plaintiff financed the purchase of the Vehicle.

28. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract"), which was subsequently assigned to ACA.

29. The Contract provided the seller and its assignees a security interest in the Vehicle.

30. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

31. ACA is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

32. ACA later engaged its repossession agents, LPS, to repossess the Vehicle.

33. LPS in turn hired TCA to carry out the actual repossession.

34. On September 15, 2023, between the hours of 4:00 and 5:00 P.M., Plaintiff, her six-year old daughter, and her friend Jaci-Cole Flanagin ("Flanagin") went to a local Walmart.

35. While Plaintiff was inside the Walmart, she left her daughter with Flanagin in the Vehicle.

36. While Flanagin and Plaintiff's daughter were in the Vehicle, TCA located the Vehicle and decided to repossess it.

37. TCA collided its tow apparatus with the Vehicle, and lifted it while Flanagin and Plaintiff's daughter occupied it.

38. Upon information and belief, TCA knew the Vehicle was occupied when it collided with and lifted it.

39. Upon information and belief, TCA purposefully lifted the occupied Vehicle so that it could terrify its occupants into compliance with the repossession or more readily enlist the help of law enforcement officers in the repossession.

40. Flanagin immediately protested the repossession.

41. Plaintiff emerged from Walmart and immediately protested the repossession.

42. Despite Plaintiff and Flanagin's protests, TCA attempted to continue the repossession.

43. A loud and rowdy confrontation erupted wherein TCA informed a passersby that he was repossessing Plaintiff's Vehicle.

44. Eventually, TCA threatened to call the police.

45. When this failed to overcome Plaintiff's protests, TCA called the police.

46. The police later arrived on the scene and refused to help with the repossession.

47. The police instead forced TCA to desist with the repossession.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## TCA AND LPS

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

50. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

51. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because

5

consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Martin v. Dorn Equip. Co.*, 821 P.2d 1025, 1028 (Mont. 1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.").

52. Plaintiff and Flanagin protested the repossession.

53. Once they protested the repossession, TCA lost the right to continue with the repossession.

54. Nonetheless, TCA continued with its repossession and thereby breached the peace.

55. A repossession agent's use of force constitutes a breach of the peace. *Brees v. Courtesy Ford, Inc*., 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931).

56. By colliding its tow apparatus with the Vehicle and lifting it while it was occupied, TCA used force on the bodies of Plaintiff's six-year old daughter and Flanagin.

57. By using force on the bodies of Plaintiff's six-year old daughter and Flanagin during the repossession, TCA breached the peace.

58. Enlisting or attempting to enlist law enforcement officers in a repossession is a constructive use of force and a breach of the peace. *Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503).

6

59. TCA attempted to enlist law enforcement officers in its repossession and thereby breached the peace.

60. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6).

61. By continuing with the repossession after it lost the right to do so, TCA violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

62. LPS, as the debt collector that hired TCA, is liable for its FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TCA violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that LPS is liable for TCA's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

# COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
### ACA

63. Plaintiff repeats and re-alleges each factual allegation contained above.

64. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

65. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

66. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

67. A repossession agent breaches the peace if it uses force during a repossession.

68. A repossession agent breaches the peace if it enlists or attempts to enlist law enforcement officers in a repossession.

69. Secured creditors have a nondelegable duty not to breach the peace. Courts may hold them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to TEX. BUS. & COM. CODE § 9.609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

70. ACA's repossession agent breached the peace by continuing the repossession in the face of Plaintiff and Flanagin's protests, using force on their bodies, and by attempting to enlist the help of law enforcement officers in the repossession.

71. ACA violated Tex. Bus. & Com. Code § 9.609(b)(2) when its repossession agent, TCA, breached the peace to repossess Plaintiff's Vehicle.

72. In violating Plaintiff's rights under Tex. Bus. & Com. Code § 9.609(b)(2), ACA's repossession agents acted with malice and/or gross neglect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ACA violated Tex. Bus. & Com. Code § 9.609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to Tex. Bus. & Com. Code § 9.625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 9.625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

73. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 17, 2024

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone:      (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF FILING PURSUANT TO FED. R. CIV. P. 15(a)(1)(B).

Plaintiff files her First Amended Complaint as a matter of course before any party has answered pursuant to Fed. R. Civ. P. 15(a)(1)(B).

s/ Russell S. Thompson, IV<br>
Russell S. Thompson, IV

## CERTIFICATE OF SERVICE

I certify that on April 17, 2024, I filed the foregoing document with the Court using CM/ECF, which will send notification of such filing to all counsel of record.

s/ Russell S. Thompson, IV<br>
Russell S. Thompson, IV